69 F.3d 534
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Legeorge MILLER, a/k/a Kango, Defendant-Appellant.
 No. 94-5897.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 10, 1995.
Decided: October 26, 1995.
 
 Marshall A. Swann, Charlotte, NC, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Miller appeals his sentence of 144 months incarceration following his conviction for violating 18 U.S.C. Secs. 924(e), 924(g)(1) (1988), knowingly and unlawfully possessing a firearm while being a convicted felon. While in jail on unrelated charges, Miller agreed to plead guilty to unlawfully possessing a firearm as a convicted felon, and to provide assistance to the Government in order to avoid prosecution on drug trafficking charges. The plea agreement included a provision in which Miller expressly waived his right to any form of post-conviction relief. Miller now contends that his plea was involuntary because the Government breached the plea agreement by not recommending an even more lenient sentence. Finding that Miller waived his right to appeal, we dismiss the appeal.
 
 
 2
 At the FED. R. CRIM. P. 11 colloquy, the district court thoroughly questioned Miller to ensure he was competent to enter a plea, and that he understood the nature and consequences of his plea. Specifically, the court inquired into Miller's education, mental health, use of drugs or medication, and whether Miller understood all the rights he was forfeiting by pleading guilty. Miller acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. We find that the plea is valid because Miller made an intelligent and informed decision when he voluntarily pled guilty.[1]
 
 
 3
 Additionally, the court asked Miller if he understood that by signing the plea agreement and pleading guilty that he was waiving his right to appeal his conviction and sentence. Miller answered, "Yes, sir." Further, the court inquired whether he understood that he would be bound by his waiver of appellate rights even if his sentence were more severe than he expected. Again, Miller answered, "Yes, sir." Because the court fully questioned Miller during the Rule 11 hearing regarding waiving his appellate rights, the waiver of appellate rights is valid and enforceable.[2]
 
 
 4
 Next, Miller contends that his waiver of appellate rights should not preclude his appeal because the Government breached the substantial assistance agreement. Miller's claim is without merit. There was no breach because the Government did make a motion under United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1994). While Miller may have desired a greater downward departure for his assistance, the extent of a downward departure provides no basis for an appeal.[3]
 
 
 5
 Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969)
 
 
 [2]
 United States v. Wessells, 936 F.2d 165 (4th Cir.1991); United States v. Wiggins, 905 F.2d 51 (4th Cir.1990)
 
 
 [3]
 United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990); see United States v. Patterson, 38 F.3d 139, 146 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3817 (U.S.1995); United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir.1992)